UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    Case No. 89-80507

        Plaintiff,                              Honorable Patrick J. Duggan

v.

D-2 IRA BARCLAY,

        Defendant.

_____/

## ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 27, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter is before the Court on Defendant's motion for reduction in sentence, filed on May 12, 2011 pursuant to 18 U.S.C. § 3582(c)(2). For the reasons stated below, the Court denies Defendant's motion.

Following a jury trial, Defendant was found guilty of conspiracy to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841, 846. Based on an adjusted offense level of 42 and a criminal history category of III, the Court sentenced Defendant to imprisonment for a term of 360 months. Defendant seeks a reduction in sentence based on amendments to the United States Sentencing Guidelines effective November 1, 1995 concerning a reduction of the upper limit of the drug quantity table.

Under the sentencing guidelines in effect at the time of Defendant's sentencing, the

court's finding with respect to the quantity of drugs involved in the offense could result in

a base offense level of up to 42.  The Sentencing Commission later reduced this limit so

that the quantity of drugs would lead to a base offense level no greater than 38.  *See* U.S.

Sentencing Guidelines § 2D1.1.  As the government correctly notes, this amendment has

no effect on Defendant's sentence.  The Court's findings concerning the quantity of drugs

involved in the offense resulted in a base offense level of 38.  Defendant's adjusted

offense level of 42 was a result of increases for Defendant's leadership role in the crime

and possession of a handgun.  The amendments do not preclude an increase in Defendant's

offense level based on such factors.  The Court therefore concludes that Defendant is not

entitled to a reduction of his sentence.

In his reply brief, Defendant argues that the Court's finding of a drug quantity of at

least 150 kilograms of cocaine was erroneous.  Defendant contends that his sentence must

be reduced because this finding resulted in an improper base offense level.  In 18 U.S.C. §

3582(c), Congress provided that a court may not modify a term of imprisonment once it

has been imposed except in the three circumstances set forth in the statute.  Defendant's

claim of an erroneous drug quantity finding fails to satisfy any of these circumstances.

The Court therefore lacks jurisdiction to modify Defendant's sentence.

Accordingly,

**IT IS ORDERED** that Defendant's motion for reduction in sentence is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Ira Donnell Barclay, #40343-019
United States Penitentiary Atlanta

P.O. Box. 150160
Atlanta, GA 30315

Michael C. Leibson, A.U.S.A.